IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 24, 2009 Session

**STATE OF TENNESSEE v. LARRY GENE LAY, aka BIG IKE**

**Appeal from the Criminal Court for Campbell County**
**Nos. 11186 and 11704     E. Shayne Sexton, Judge**

_____

**No. E2009-00819-CCA-R3-CD - Filed April 19, 2010**
_____

The Defendant, Larry Gene Lay, aka Big Ike, appeals as of right from the Campbell County Criminal Court's revocation of his community corrections sentences and order of incarceration.  He contends that the trial court's revocation is erroneous and based upon insufficient proof.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right; Judgments of the Criminal Court
are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Michael G. Hatmaker, Jacksboro, Tennessee, attorney for appellant, Larry Gene Lay, aka Big Ike.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; William Paul Phillips, District Attorney General; and Michael Ripley, Senior Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

On October 14, 2003, the Defendant pled guilty to thirteen counts of drug-related offenses contained in two indictments.  Pursuant to the guilty pleas, the trial court imposed a total effective sentence of thirteen years and placed the Defendant on community corrections. On February 18, 2009, a warrant issued alleging that the Defendant had violated the terms of his community corrections supervision by "own[ing], possess[ing], ship[ping], or transport[ing]" a firearm and by his arrest for unlawful carrying or possession of a weapon.

At the March 16, 2009 revocation hearing, Jellico Police Department Officer Jeff Partin testified that he went to the Defendant's residence on January 4, 2009, to retrieve a shotgun that had been reported stolen by its owner. When he arrived, he found the Defendant sitting in his vehicle in the driveway with the shotgun "propped against the fence" about twenty feet away. Officer Partin testified that he asked the Defendant how he had obtained the shotgun and that the Defendant gave him a receipt noting that "Larry Lay" had purchased the shotgun for fifty dollars from Greg Douglas. Officer Partin testified that the Defendant told him that the Defendant had purchased the shotgun as a Christmas present. Officer Partin testified that he retrieved the gun and that the Defendant signed a property receipt. Officer Partin stated that he knew the Defendant as "Ike," not "Larry."

Greg Douglas testified that he sold the gun to Larry Lay, the Defendant's son. He stated that he knew the Defendant as "Ike." Larry Lay, the Defendant's son, testified that he purchased the shotgun from Greg Douglas on December 28, 2008 and that he took it to his uncle's house for safekeeping. He testified that the Defendant telephoned him while at work on January 4 and told him that the police were looking for the shotgun so he took it to his father's residence and leaned it against the fence. He stated that he then returned to work.

Following the revocation hearing, the trial court accredited the testimony of Officer Partin by noting that

> [i]t is clear to the Court that this defendant has told law enforcement – or indicated to law enforcement that he was part and parcel to this transaction. Who ultimately ended up with the weapon or who . . . paid for it is of little consequence . . . in the eyes of this Court simply because the provision wherein the defendant is prohibited from having a weapon is . . . a per se condition.

The trial court further commented that it was "not convinced that [the Defendant] was gonna use this weapon in any sort of illegal manner . . . . it's logical that it may have been for a gift, but this is a per se provision." The trial court then found by a preponderance of the evidence that the Defendant had violated the terms of his community corrections sentences and revoked the sentences, ordering the Defendant to serve the remainder of his sentences in incarceration.

On appeal, the Defendant argues that there is no substantial evidence to support the trial court's determination in light of the obvious confusion regarding the Defendant and his son sharing the same name as well as the testimony of Greg Douglas and the Defendant's son that they were the parties involved in the purchase of the shotgun. The Defendant also contends that there is no proof that he actually or constructively possessed the shotgun. The

State argues that whether the Defendant actually or constructively possessed the shotgun is irrelevant in light of the trial court's accrediting the testimony of Officer Partin that the Defendant admitted to purchasing the shotgun as a Christmas present. Following our review, we agree with the State and affirm the judgments of the trial court.

## ANALYSIS

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation occurred. State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). Pursuant to Tennessee Code Annotated section 40-35-311(e), the trial court is required only to find that the violation of a community corrections sentence occurred by a preponderance of the evidence. In reviewing a trial court's findings, this court must examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. State v. Mitchell, 810 S .W.2d 733, 735 (Tenn. Crim. App. 1991).

Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence and order the original sentence to be served in confinement or the trial court may resentence a defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum provided for the offense committed with credit for time served while on community corrections. Tenn. Code Ann. § 40-36-106(e)(4).

The trial court accredited the testimony of Officer Partin concerning the Defendant's admission that he purchased the shotgun from Greg Douglas as a Christmas present for someone. The record supports the trial court's decision to revoke the community corrections sentences and to order the sentences served in confinement. We conclude that the trial court exercised a conscientious judgment in arriving at its determination. Accordingly, the judgments of the trial court are affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the Campbell County Criminal Court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE